**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | |
|---|---|
| MATTHEW J. DAMLOW, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )      No. 2:20-CV-0063 NCC |
| | ) |
| DAN REDINGTON, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon petitioner Matthew Damlow's response briefs to the

Order to Show Cause issued on November 13, 2020, requiring petitioner to show cause why this

matter should not be dismissed as time-barred. Also before the Court is petitioner's supplemental

petition for writ of habeas corpus filed on January 19, 2021. After reviewing the record before the

Court this action will be dismissed as time-barred.

### Background

On October 6, 2014, petitioner pled guilty to two separate cases of domestic assault in the

third degree and one case of Driving While Intoxicated. *See State v. Damlow*, Nos. 1311-

CR04844-01[1], 1411-CR02922-01[2], 1411-CR01448-01[3] (11th Judicial Circuit, St. Charles County

---

[1]Petitioner was sentenced to a four-year term of imprisonment to be served concurrent with the sentences in Case Nos. 1411-CR02922-01, 1411-CR01448-01.

[2]Petitioner was sentenced to a four-year term of imprisonment for Driving While Intoxicated with the sentences in Case Nos. 1311-CR04844-01 and 1411-CR01448-01 to be served concurrent with this sentence.

[3]Petitioner also plead guilty to unlawful use of a loaded firearm by an intoxicated person. Petitioner received a 15-day sentence in the St. Charles County Jail for the domestic assault charge; however, he received a three-year sentence of imprisonment for the unlawful use of a firearm charge. These charges were suspended during the time period petitioner attended the Institutional Treatment Program. The sentences were to run concurrent with any sentences imposed in Case Nos. 1311-CR04844-01, 1411-CR02922-01.

Court).[4] He was sentenced to a Suspended Execution of Sentence ("SES"), as well as 120 days in an Institutional Treatment Program for all three sentences.

Petitioner returned from the Institutional Treatment Program on January 9, 2015, and he was granted probation at that time. However, a motion to revoke his probation was filed in all three state actions on August 18, 2015, based on two new charges in St. Charles County. *See State v. Damlow*, Nos. 1511-CR03654-01, 1511-CR03656-01 (11ᵗʰ Judicial Circuit, St. Charles County Court).

Petitioner plead guilty to two charges of domestic assault in the second degree on January 25, 2016. *State v. Damlow*, No. 1511-03654-01, 1511-CR03656-01 (11ᵗʰ Judicial Circuit, St. Charles County Court). He was sentenced to seven years' imprisonment on each case, with each term to be served consecutively. However, his sentences were to be served concurrent to "all other cases."

Petitioner's probation in Case Nos. 1311-CR04844-01, 1411-CR02922-01, 1411-CR01448-01 was revoked on January 25, 2016. At that time, the court ordered the execution of the previously-imposed sentences.

In the instant petition, petitioner challenges the January 25, 2016, probation revocation in Case Nos. 1311-CR04844-01, 1411-CR02922-01, 1411-CR01448-01 on the basis that his due process rights have been violated. He claims that one of the cases that was the basis for the probation revocation, *State v. Damlow*, No. 1511-CR03656-01 (11ᵗʰ Judicial Circuit, St. Charles

---

[4]A habeas petitioner is not precluded from challenging more than one conviction in a § 2254 petition so long as they arise from the same state court. *See* Rule 2(e), Rules Governing § 2254 Cases in United States District Courts ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court."); Advisory Comm. Notes (this rule permits an attack in a single petition on multiple judgments from the same court).

County Court), was "nollo prossed,"[5] and thus it should not be able to form the basis for the probation revocation.[6]

Petitioner signed the petition on October 6, 2020, and it was docketed in this Court on October 9, 2020. Applying the prison mailbox rule, *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999), and giving petitioner the benefit of the doubt, *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir. 2002), the Court determines the petition to have been filed on October 6, 2020, the date petitioner avers he signed and mailed it.

On November 13, 2020, the Court ordered petitioner to show cause why this action should not be dismissed as time-barred. Petitioner filed a Memorandum and separate Response to the Order to Show Cause on January 4, 2021. He also filed a supplemental petition for writ of habeas corpus on January 19, 2021. After reviewing the documents filed by petitioner, the Court will dismiss this action as time-barred.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief. Under the applicable provision of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a state prisoner seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 must apply for such relief no later than one year from the date the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

---

[5] The Court presumes petitioner is referring to the entry of *nolle prosequi* in a court record, or a formal notice of dismissal of the action by the prosecutor.

[6] The Court has reviewed the docket sheet on Missouri.Case.Net and there is no evidence that this case was dismissed by the prosecution.

Under Missouri state law, the sole avenue for relief for a person challenging a probation revocation is to file a petition for writ of habeas corpus under Missouri Supreme Court Rule 91 in the Circuit Court for the county of confinement. State prisoners may not directly appeal an order revoking their probation, *Winegar v. State*, 967 S.W.2d 265, 266 (Mo. Ct. App. 1998) (citation omitted), nor are such orders normally reviewable under Missouri Supreme Court Rules 29.15 or 24.035. *Teter v. State,* 893 S.W.2d 405, 405-06 (Mo. Ct. App. 1995).

In the context of § 2244(d)(1)(A), petitioner's January 25, 2016, probation revocation was final on that date, as direct review was not an option. *See Davis v. Purkett,* 296 F. Supp. 2d 1027 (E.D. Mo. 2003) (concluding that the petitioner's probation revocation was "final" for purposes of § 2244(d)(1)(A) on the day the trial court entered it, in the sense that direct review was unavailable). Accordingly, under § 2244(d)(1)(A), petitioner had no later than January 25, 2017, to file a petition for writ of habeas corpus in federal court under 28 U.S.C. § 2254. Petitioner did not file the instant petition until October 6, 2020, more than three years after judgment became final and thus well after the expiration of the one-year limitations period.

The federal limitations period is tolled while a "properly filed application for state post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). For an application for collateral relief to toll the one-year limitations period, it must be filed before the expiration of that period. *Curtiss v. Mount Pleasant Correctional Facility,* 338 F.3d 851, 853 (8th Cir. 2003). The Court has reviewed Missouri Case.Net in depth, and there is no indication that petitioner filed a Rule 91 action for state writ of habeas corpus which would have tolled his limitations period in this Court. As such, the petition is time-barred.

4

In his response briefs to the Court, as well as in his supplemental petition for writ of habeas corpus, petitioner makes three arguments: (1) he asserts that this Court does not have the ability to review the statute of limitations issue on Rule 4 review; (2) he claims is entitled to equitable tolling; (3) and he asserts that he should be eligible to "good time credit."

Rule 4 of the Rules Governing Section 2254 Case and Section 2255 Proceedings States:

Rule 4. Preliminary Review; Serving the Petition and Order

> . . .If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Thus, Rule 4 requires this Court to review every § 2254 motion brought in this Court and review it prior to requiring the State of Missouri to file a responsive pleading. If the petition has not been fully exhausted or is time-barred or non-cognizable, the Court is required to dismiss the petition and/or notify the petitioner.

Petitioner next asserts that "equitable tolling is available." However, he does not indicate how or why he believes he is entitled to equitable tolling. He merely asserts that "upon the assurance of counsel, MJD, AMD, et al" he was "rocked to sleep." He states that it was "only after the lies of the Warden" and the "SCC, Mo.Trust@Agents&Agency" sentence that the betrayal was believed."

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is an exceedingly narrow window of relief. *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).

5

"Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000) (holding that 'even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted).

Petitioner's vague assertions about ineffective assistance of counsel are clearly insufficient to allow equitable tolling. The Eighth Circuit Court of Appeals has repeatedly held that faulty legal assistance alone does not warrant equitable tolling. *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir.2002) ("[i]neffective assistance of counsel generally does not warrant equitable tolling"); *Sellers v. Burt,* 168 Fed.Appx. 132, 133 (8th Cir.) (unpublished opinion) (rejecting petitioner's argument that the statute of limitations should be tolled "because his state post-conviction attorney failed to communicate with him and did not send his case file"); *Greene v. Washington*, 14 Fed.Appx. 736, 737 (8th Cir.2001) (rejecting equitable tolling argument based on alleged mistake by post-conviction attorney) (unpublished opinion).

Moreover, this Court cannot begin to examine petitioner's assertions regarding his belief that his Constitutional rights were violated by something he was told by someone outside of his counsel when he has not first shown that he was diligently pursuing his rights and some extraordinary circumstance prevented him from presenting his claims to this Court in a timely fashion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Thus, there is not indication that petitioner is able to avail himself of equitable tolling in this instance.

6

Last, in his response briefs, as well as his supplement to his petition for habeas corpus, petitioner asserts he has been denied "good time credit." It appears that petitioner is asserting that he was denied parole, and petitioner appears to believe this was a due process violation. However, a Missouri prisoner's allegations challenging denial of parole or the lost possibility of parole do not state a claim for a violation of due process. In *Greenholtz v. Inmates of Nebraska Penal & Corrections*, 442 U.S. 1, 9-11 (1979), the Supreme Court held that an inmate does not have a constitutionally-protected liberty interest in the possibility of parole. In addition, the United States Court of Appeals for the Eighth Circuit has held that Missouri's parole statutes create no liberty interest in parole. *Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005).

Petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is **DENIED AND DISMISSED AS TIME-BARRED.**

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel [Doc. #4] is **DENIED AS MOOT.**

7

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this _____ day of February, 2021.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

8