# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| MATTHEW J. DAMLOW, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 2:20-CV-63 NCC |
| DAN REDINGTON, | ) ) ) | |
| Respondent. | ) ) | |

## MEMORANDUM AND ORDER

This closed case is before the court on self-represented plaintiff Matthew Damlow's request for extension of time to file a motion for reconsideration of the dismissal of this action. Because petitioner failed to show good cause, his motion for extension of time will be denied without prejudice.

The Court dismissed petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 on February 1, 2021 as time-barred. On February 15, 2021, petitioner mailed a request for extension of time to "prepare and publish" his "objections" to the Court's Order of Dismissal entered on February 1, 2021. The Court assumes that petitioner intends to file a motion for reconsideration of the dismissal of this action; however, petitioner has not indicated the grounds for such a motion. He states only that the extension is needed "in his attempt to adequately plead and exhibit the action before seeking to proceed to request for certificate of appealability."[1]

It is unclear whether plaintiff intends his motion for reconsideration to be brought under Federal Rule of Civil Procedure 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason). Fed. R. Civ. P. 59(e), 60(b); *see also Sanders v.*

---

[1] Petitioner's request for certificate of appealability was denied at the time this action was dismissed.

*Clemco Indus.*, 862 F.2d 161, 164–65, 168–69 (8th Cir. 1988) (discussing differences in characterizing unlabeled motion for reconsideration as either under Rule 59(e) or Rule 60(b)).

Under Rule 59(e), a court may alter or amend a judgment upon a motion filed no later than twenty-eight (28) days after entry of the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately following the entry of judgment. *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been presented prior to judgment. District courts have broad discretion in determining whether to grant a Rule 59(e) motion. *Id.*

Federal Rule of Civil Procedure 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted). It is not intended to be a vehicle for seeking reconsideration of merit arguments that were previously considered by the court. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999). Pursuant to Federal Rule of 60(c)(1), a

motion under Rule 60(b) must be made within a "reasonable time" and for reasons (1),(2) and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

As noted above, any motion for reconsideration brought pursuant to Federal Rule of Civil Procedure 59(e) is due to this Court no later than March 1, 2021.[2] On the other hand, any motion for reconsideration brought pursuant to Federal Rule of Civil Procedure 60(b) is due "within a reasonable time."

Because petitioner's time to file his motion brought pursuant to Rule 59(e) has not yet passed and he has not shown good cause for seeking an extension of time in this matter, the Court will deny his request for extension of time for filing a motion for reconsideration, without prejudice. Petitioner may renew his motion for extension of time if he wishes to do so. However, good cause must be shown.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for extension of time to file a motion for reconsideration of the dismissal of this action [Doc. #20] is **DENIED without prejudice**.

Dated this 19th day of February, 2021.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

---

[2] In the case of petitioner, because he is incarcerated, he may place his filing in the prison mailbox and attach a certificate indicating that the filing was placed in the prison mailing system on the date of March 1, 2021.

3